Dear Mr. Speed:
Reference is made to your recent request for an opinion of this office, on behalf of the St. Helena Parish Police Jury, regarding the public maintenance of private roadways and driveways by the St. Helena Parish Police Jury.
According to your correspondence, the Police Jury would like this office to examine whether two particular uses of certain private roadways or driveways in St. Helena Parish create a sufficient public interest to justify public maintenance of the roadways/driveways in question. The first situation involves the use of private dairy farm roadways/driveways by the feed trucks and milk haulers who supply and service the dairy. The second situation involves the use of private home roadways/driveways by federal mail carriers and garbage trucks servicing the private homes located thereon.
Your inquiry must be examined in light of La. Const. Art. VII, Sec. 14
(A), which prohibits the loan, pledge, or donation of the funds or assets of the state or any political subdivision "to or for any person, association, or corporation, public or private."
Art. VII, Sec. 14 has been interpreted by the Louisiana Supreme Court in City of Port Allen v. Louisiana Municipal Risk Agency, 439 So.2d 399
(La. 1983), which held that this constitutional provision is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. In City of Port Allen, supra, the Court stated: ". . . even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a "public purpose'."
We also call your attention to certain previous opinions of this office, which provide guidance in addressing your question.
Attorney General's Opinion No. 76-649 determined that the Bienville Parish Police Jury could not use parish equipment or materials to blacktop driveways located on private property.
Attorney General's Opinion No. 77-1594 concluded that a Police Jury could not perform road work on private driveways and roads if the benefits of said work would inure only to the owner of the properties enhanced thereby and no substantial public purpose was served.
Attorney General's Opinion No. 78-188 addressed the issue of whether the Assumption Parish Police Jury could take into the parish road system and maintain a dirt road that joined a main thoroughfare with a parcel of land containing two or more houses. The opinion noted that Louisiana law requires the making and repairing of roads by police juries to be done only when such work furthers the best interest of the parish and the parish road system. The opinion concluded that if the dirt road simply leads to one or two homes and does not serve the public at large, it would be inappropriate for the parish to expend labor and materials on the maintenance of the road.
Attorney General's Opinion No. 78-1643 concluded that the Catahoula Parish Police Jury could not expend public labor, materials or funds on the maintenance and repair of a road leading to one or even several residences, but not used by the public at large.
In Attorney General's Opinion No. 00-278, this office concluded that the Vernon Parish Police Jury could not maintain private roads belonging to a timber company for the purpose of allowing ingress and egress to the nearest parish road by citizens who live on the timber company roads, as the benefits to be derived there from would inure primarily to the citizens living along the road, and not to the general public.
In Attorney General's Opinion No. 00-347, this office addressed the issue of whether Beauregard Parish could maintain a privately owned road used as a school bus route. A Beauregard Parish school bus driver lived on the road and the bus driver also picked up at least one student who also lived on the road. Because it appeared that the individuals who owned the road would be the primary beneficiaries of any repair and/or maintenance performed by the police jury, this office concluded that the Parish could not maintain or repair the road.
We note that the roadways/driveways in question are privately owned, and are used primarily by and for the benefit of, the farms and the residents who live on the roadways/driveways. In our opinion, use of the private roadway or driveway of a dairy farmer, by the dairy suppliers and haulers traveling to the dairy farm, is for the sole benefit of the dairy farm served thereby. Similarly, use of a private roadway or driveway leading to a private residence by mail carriers and garbage collectors serving the residence benefits only the citizen residing therein. The benefits provided by these roadways/driveways to the general public, if any, appear to be incidental.
In our opinion, the uses of the roadways/driveways described in your letter do not create a sufficient public interest to justify public maintenance of the roadways/driveways in question. As such, in accordance with La. Const. Art. VII, Sec. 14 and the reasoning set forth in the opinions cited herein, it is the opinion of this office that the St. Helena Parish Police Jury cannot provide public maintenance of the private roadways and driveways in question.
Although you asked only that we address the issue of whether there is sufficient public interest in the roads in question to justify public maintenance thereof, we are compelled to advise you of the provisions of LSA-R.S. 48:491 B(1)(a), which provides that roads and streets which have been "kept up, maintained, or worked for a period of three years by the authority of a parish governing authority . . . shall be public roads or streets . . .". In accord: Attorney General's Opinion No. 88-479. Such roads or streets are then, of course, subject to full public use, which public use cannot then be limited by the landowner. In accord: Attorney General's Opinion No. 96-333. Roads or streets dedicated to public use in this fashion remain subject to public use (and, if needed for public use, can continue to be maintained by the Parish) until such time as the road or street servitude is either formally "abandoned" by the governing authority, or after ten years of "non-use" by the public. See Attorney General's Opinion No. 87-466.
We trust the foregoing to be of assistance. Should the District Attorney's Office or the St. Helena Parish Police Jury need further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI :JMZB:dra